CINDI BAUDER

V.

**MARK MARQUEZ and JANE DOE MARQUEZ, husband and wife; KEITH BOONE and JANE DOE BOONE, husband and wife; UNION PACIFIC, a foreign corporation**

INDEX OF EXHIBITS TO NOTICE OF REMOVAL

Exhibit "A"        Summons in Superior Court Action
-   Mark Marquez
-   Sylvia Marquez
-   Keith Boone
-   Union Pacific

Exhibit "B"        Complaint in Superior Court Action

Exhibit "C"        Certificate of Compulsory Arbitration in Superior Court Action

Exhibit "D"        Amended Complaint in Superior Court Action

Exhibit "E"        Plaintiff's Motion to Amend Complaint filed in Superior Court Action

Exhibit "F"        Second Amended Complaint filed in Superior Court Action

Exhibit "G"        Notice of Removal filed in the State Court

Exhibit "H"        Docket from the State Court

**EXHIBIT "A"**

Person/Attorney Filing: Nasser Abujbarah
Mailing Address: 3101 North Central Avenue Suite 1500
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602)258-8900
E-Mail Address: uberp@phillipslaw.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 026182, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF YUMA

CINDI BAUDER
Plaintiff(s),                          Case No.   S1400CV202100150
v.
MARK MARQUEZ, et al.                   **SUMMONS**
Defendant(s).

To: MARK MARQUEZ

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 250 W. 2nd Street, Yuma,
    Arizona 85364 or electronically file your Answer through one of Arizona's approved
    electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  YUMA

SIGNED AND SEALED this date:*March 3, 2021*

*Lynn Fazz*
Clerk of Superior Court

By:*CIBROWN*
Deputy Clerk



AZturboCourt.gov Form Set #5478401

Person/Attorney Filing: Nasser Abujbarah
Mailing Address: 3101 North Central Avenue Suite 1500
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602)258-8900
E-Mail Address: uberp@phillipslaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 026182, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF YUMA

CINDI BAUDER
Plaintiff(s),
v.
MARK MARQUEZ, et al.
Defendant(s).

Case No.   S1400CV202100150

**SUMMONS**

To: JANE DOE MARQUEZ

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to <u>Clerk of the Superior Court, 250 W. 2nd Street, Yuma,
    Arizona 85364 or electronically file your Answer through one of Arizona's approved
    electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

AZturboCourt.gov Form Set #5478401

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  YUMA

SIGNED AND SEALED this date:*March 3, 2021*

*Lynn Fazz*
Clerk of Superior Court

By:*CIBROWN*
Deputy Clerk



AZturboCourt.gov Form Set #5478401

Timothy G. Tonkin (#020709)
Nasser Abujbarah (#026182)
Kevin Valdez (#034663)
**PHILLIPS LAW GROUP, P.C.**
3101 N. Central Avenue, Suite 1500
Phoenix, Arizona 85012
Tel: (602) 258-8900
Fax: (602) 900-0106
Email: uberp@phillipslaw.com
Email: minute_entries@phillipslaw.com

Attorneys for Plaintiff

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YUMA

| | |
|---|---|
| CINDI BAUDER surviving wife of JERRY MOORE deceased; | Case No.: S1400CV202100150 |
| Plaintiffs, | **AMENDED SUMMONS** |
| vs. | (Wrongful Death) |
| MARK MARQUEZ and JANE DOE MARQUEZ, husband and wife; KEITH BOONE and JANE DOE BOONE, husband and wife; UNION PACIFIC, a foreign corporation; John Does 1-5; Jane Does 1-5; Black Corporations 1-5; and White Partnerships 1-5, | |
| Defendants. | |

STATE OF ARIZONA TO THE DEFENDANT:

KEITH BOONE

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served outside of the State of Arizona – whether by direct service; or by publication – you shall appear and defend within thirty (30) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Service by publication is complete thirty (30) days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear,

1

1   answer or otherwise plead until the expiration of forty (40) days after the date of service upon
2   the Director, A.R.S. §§ 20-222, 28-1027.

3   YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

4

5   YOU ARE CAUTIONED that in order to appear and defend, you must file an answer or other proper response in writing with the Clerk of the Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any answer or other response upon the plaintiff's attorney.

6

7   The name and address of the plaintiff's attorneys are:

8   Timothy Tonkin, Esq.
    Nasser Abujbarah, Esq.
9   Kevin Valdez, Esq.
    **PHILLIPS LAW GROUP**
10  3101 N. Central Ave., Suite 1500
    Phoenix, AZ 85012
11

12  **ADA Notification**
    Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least three (3) working days in advance of a scheduled court proceeding.
13

14  **Interpreter Notification**
    Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case by the parties at least ten (10) judicial days in advance of a scheduled court proceeding.
15

16

17  SIGNED AND SEALED: By: _____   MAR 0 9 2021

18  Clerk of the Superior Court

19  By: _____   Clerk of Superior Court
                          SUPERIOR
20  Deputy Clerk          ROCIO YEPEZ
                          DEPUTY CLERK

21

22

23

24

25

                          2

Timothy G. Tonkin (#020709)
Nasser Abujbarah (#026182)
Kevin Valdez (#034663)
**PHILLIPS LAW GROUP, P.C.**
3101 N. Central Avenue, Suite 1500
Phoenix, Arizona 85012
Tel: (602) 258-8900
Fax: (602) 900-0106
Email: uberp@phillipslaw.com
Email: minute_entries@phillipslaw.com

Attorneys for Plaintiff

#56053

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF YUMA

CINDI BAUDER surviving wife of JERRY MOORE deceased;

        Plaintiffs,

vs.

MARK MARQUEZ and JANE DOE MARQUEZ, husband and wife; KEITH DOONE and JANE DOE DOONE, husband and wife; UNION PACIFIC, a foreign corporation; John Does 1-5; Jane Does 1-5; Black Corporations 1-5; and White Partnerships 1-5.

        Defendants.

Case No.: S1400CV202100150

**SUMMONS**

(Tort- Motor Vehicle)

### STATE OF ARIZONA TO THE DEFENDANT:
### UNION PACIFIC

    YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served outside of the State of Arizona – whether by direct service, or by publication – you shall appear and defend within thirty (30) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Service by publication is complete thirty (30) days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to

1

1    appear, answer or otherwise plead until the expiration of forty (40) days after the date of
     service upon the Director. A.R.S. §§ 20-222, 28-1027.

2        YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend
     within the time applicable, judgment by default may be rendered against you for the relief
3    demanded in the Complaint.

4        YOU ARE CAUTIONED that in order to appear and defend, you must file an answer or
     other proper response in writing with the Clerk of the Court, accompanied by the necessary
5    filing fee, within the time required, and you are required to serve a copy of any answer or other
     response upon the plaintiff's attorney.
6
         The name and address of the plaintiff's attorneys are:
7
                         Timothy Tonkin, Esq.
8                        Nasser Abujbarah, Esq.
                         Kevin Valdez, Esq.
9                        **PHILLIPS LAW GROUP**
                         3101 N. Central Ave., Suite 1500
10                       Phoenix, AZ 85012

11                       **ADA Notification**
     Requests for reasonable accommodation for persons with disabilities must be made to the court
12   by parties at least three (3) working days in advance of a scheduled court proceeding.

13                       **Interpreter Notification**
     Requests for an interpreter for persons with limited English proficiency must be made to the
14   office of the judge or commissioner assigned to the case by the parties at least ten (10) judicial
     days in advance of a scheduled court proceeding.
15

16       SIGNED AND SEALED: By: _March 8, 2021_

17                       Clerk of the Superior Court
18                           Clerk of Superior Court

19                       By: _____
                         Deputy Clerk    DEPUTY CLERK
20

21

22

23

24

25

                                         2

EXHIBIT "B"

FILED
Lynn Fazz
CLERK, SUPERIOR COURT
03/03/2021  9:26AM
BY: CIBROWN
DEPUTY

Case No.: S1400CV202100150
HON. HON LARRY KENWORTHY

Timothy G. Tonkin (#020709)
Nasser Abujbarah (#026182)
Kevin Valdez (#034663)
**PHILLIPS LAW GROUP, P.C.**
3101 N. Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone:   (602) 258-8900
Facsimile:   (602) 279-9155
E-Mail: uberp@phillipslaw.com
E-Mail: minute_entries@phillipslaw.com

*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YUMA

| | |
|---|---|
| CINDI BAUDER surviving wife of JERRY MOORE deceased;<br><br>    Plaintiffs,<br><br>vs.<br><br>MARK MARQUEZ and JANE DOE MARQUEZ, husband and wife; KEITH DOONE and JANE DOE DOONE, husband and wife; UNION PACIFIC, a foreign corporation; John Does 1-5; Jane Does 1-5; Black Corporations 1-5; and White Partnerships 1-5,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT**<br><br>(Wrongful Death) |

For their Complaint, CINDI BAUDER as the surviving wife of JERRY MOORE, deceased, (hereinafter "Plaintiffs") state and allege as follows:

1. Plaintiff CINDI BAUDER is, and was at all times material herein, a resident of Maricopa County, Arizona.

2. Upon information and belief, Defendant Mark Marquez and Jane Doe Marquez, are, and were at all times material herein, wife and husband, and residents of the State of Arizona.

1

3.     Upon information and belief, Defendant Keith Doone and Jane Doe Doone, are, and were at all times material herein, wife and husband, and residents of the State of Arizona.

4.     Upon information and belief, Defendant Union Pacific is foreign corporation authorized to do business within the County of Yuma, State of Arizona, and is engaged in the business of transportation, doing business in the State of Arizona.

5.     Defendant Mark Marquez (hereinafter "Defendant Marquez") was, at all applicable times herein, an employee of Union Pacific and was acting as an agent, servant, or employee within the scope of his employment on behalf of Union Pacific, and therefore, Union Pacific, should be held liable to Plaintiff for the actions of Defendant Marquez on the theory of respondeat superior, agency, equitable estoppel, or other applicable law.  Defendant Union Pacific is vicariously liable to Plaintiff for all injuries and other damages caused by Defendant Marquez.

6.     Defendant Keith Doone (hereinafter "Defendant Doone") was, at all applicable times herein, an employee of Union Pacific and was acting as an agent, servant, or employee within the scope of his employment on behalf of Union Pacific, and therefore, Union Pacific, should be held liable to Plaintiff for the actions of Defendant Doone on the theory of respondeat superior, agency, equitable estoppel, or other applicable law.  Defendant Union Pacific is vicariously liable to Plaintiff for all injuries and other damages caused by Defendant Doone.

7.     Defendants John and Jane Does 1-5 as well as Black Corporations and White Partnerships 1-5 (hereinafter "fictitious defendants") are those persons and entities whose relationships to the named Defendants or whose acts or omissions give rise to legal responsibility for the damages incurred by Plaintiff, but whose true identities are at present time unknown to Plaintiff. These persons and entities hereby are notified of Plaintiff's intention to join them as Defendants if and when additional investigation or discovery reveals the appropriateness of such joinder.

8.     Defendants committed acts or omissions or caused events to occur in Yuma County, Arizona, that caused the wrongful death of Decedent Jerry Moore.

9.     All acts and events alleged hereafter occurred within the County of Maricopa, State of Arizona, making venue proper.

10.    The minimum jurisdictional amount established for filing this action has been satisfied.

## COUNT ONE:  NEGLIGENCE/WRONGFUL DEATH

11.    Plaintiffs re-allege and incorporate paragraphs 1-10 above as if fully set forth herein.

12.    On October 31, 2020, decedent, Jerry Moore was out for a hike and his life ended because the train Marquez and Doone were operating failed to come to a stop and struck Mr. Moore. The impact left Jerry Moore deceased on the scene. Defendants Mark Marquez and Keith Doone, were operating the train when they spotted Jerry Moore about a quarter mile away from where he was standing. Defendants did not follow policies or procedures for warning Mr. Moore or applying the emergency stop to the train.  As a result of this incident, he sustained fatal injuries.

13.    As a direct and proximate result of the negligence and carelessness of Defendants, and a direct and proximate result of the death of the decedent, Plaintiffs have forever been deprived of the love, care, attention, companionship, guidance, counseling, services, common benefits of Decedent Jerry Moore and have, thereby, been damaged in an amount to be proven at the time of trial.

## COUNT TWO: RESPONDEAT SUPERIOR

14.    Plaintiff re-alleges and incorporates paragraphs 1-13 above as if fully set forth herein.

15.     At all times relevant hereto, Defendants were employed by, or was an agent or servant of Defendant Union Pacific.

16.     The above-described acts of Defendants were committed within the scope of their employment/or agency with Defendant Union Pacific in that they were committed while on duty and in furtherance of his employment and/or agency with Defendant Union Pacific.

17.     Defendant Union Pacific is responsible for all of the negligent acts and/or omissions committed by Defendants within the scope of their employment and or agency.

## SPECIAL AND GENERAL DAMAGES

18.     Plaintiffs re-allege and incorporate paragraphs 1-17 above as if fully set forth herein.

19.     As a further direct and proximate result of the death of decedent, Plaintiffs have incurred expenses associated with decedent's death including, but not limited to, funeral and burial expenses and has, thereby, suffered special damages in an amount to be proven at the time of trial.

**WHEREFORE**, Plaintiffs, on their own behalf and on behalf of all statutory claimants, pray for judgment against the Defendants, as follows:

a. For general damages, in an amount sufficient to compensate Plaintiffs and all claimants for the wrongful death of Jerry Moore in an amount to be proven at the time of trial together with interest thereon at the highest lawful rate from the date of judgment until paid in full;

b. For special damages in an amount sufficient to compensate Plaintiffs and statutory claimants in an amount sufficient to compensate same for past, present and future economic losses together with interest thereon at the highest lawful rate from the date said expenses occurred or the date of judgment, whichever is sooner;

4

c.  For special damages in an amount sufficient to compensate Plaintiffs for funeral and burial expenses in an amount to be proven at the time of trial together with interest thereon from the date said expenses were incurred until paid in full;

d.  For loss of consortium to Plaintiffs;

e.  For interest at the highest legal rate on all damages and costs from the time incurred on the date of such judgment, whichever is sooner, until paid; and

f.  For such other and further relief as the Court deems just and proper.

## STATEMENT OF TIER VALUE

g.  Consistent with the factors and characteristics identified in the lawsuit above, this matter is an automobile tort, and pursuant to Rule 26.2(b) of the Arizona Rules of Civil Procedure, the damages sought in this case qualify it as a Tier 3 case.

**DATED** this 3rd day of March, 2021.

**PHILLIPS LAW GROUP, P.C.**

By: */s/Nasser Abujbarah, Esq.*
   Timothy G. Tonkin, Esq.
   Nasser Abujbarah, Esq.
   Kevin Valdez, Esq.
   *Attorneys for Plaintiffs*

5

# In the Superior Court of the State of Arizona
# In and For the County of Yuma

Plaintiff's Attorneys:
Nasser Abujbarah - Primary Attorney
Bar Number: 026182, issuing State: AZ
Law Firm: Phillips Law Group
3101 North Central Avenue Suite 1500
Phoenix, AZ 85012
Telephone Number: (602)258-8900
Email address: uberp@phillipslaw.com

Kevin Valdez
Bar Number: 034663, issuing State: AZ
Law Firm: Phillips Law Group
Telephone Number: (602)258-8900

Timothy G. Tonkin
Bar Number: 020709, issuing State: AZ
Law Firm: Phillips Law Group
Telephone Number: (602)258-8900

Plaintiff:
CINDI BAUDER

Defendants:
MARK MARQUEZ

JANE DOE MARQUEZ

KEITH DOONE

JANE DOE DOONE

Discovery Tier t3

Case Category: Tort Motor Vehicle
Case Subcategory: Wrongful Death

**EXHIBIT "C"**

FILED
Lynn Fazz
CLERK, SUPERIOR COURT
03/03/2021 9:26AM
BY: C1BROWN
DEPUTY

Case No.: S1400CV202100159
HON. HON LARRY KENWORTHY

Person/Attorney Filing: Nasser Abujbarah
Mailing Address: 3101 North Central Avenue Suite 1500
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602)258-8900
E-Mail Address: uberp@phillipslaw.com
[ □ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 026182, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YUMA

CINDI BAUDER
Plaintiff(s),
v.
MARK MARQUEZ, et al.
Defendant(s).

Case No.

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Yuma County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Nasser Abujbarah /s/
Plaintiff/Attorney for Plaintiff

EXHIBIT "D"

FILED
Lynn Fazz
CLERK, SUPERIOR COURT
03/09/2021 11:31AM
BY: CIBROWN
DEPUTY

1 | Timothy G. Tonkin (#020709)
2 | Nasser Abujbarah (#026182)
    Kevin Valdez (#034663)
3 | **PHILLIPS LAW GROUP, P.C.**
    3101 N. Central Avenue, Suite 1500
    Phoenix, Arizona 85012
4 | Telephone:   (602) 258-8900
    Facsimile:    (602) 279-9155
5 | E-Mail: uberp@phillipslaw.com
    E-Mail: minute_entries@phillipslaw.com

*nasserab@phillipslaw.com*

*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YUMA

|  |  |
|---|---|
| CINDI BAUDER surviving wife of JERRY MOORE deceased; | Case No. S1400CV202100150 |
| Plaintiffs, | **AMENDED COMPLAINT** |
| vs. | (Wrongful Death) |
| MARK MARQUEZ and JANE DOE MARQUEZ, husband and wife; KEITH ~~DOONE~~ BOONE and JANE DOE ~~DOONE~~ BOONE, husband and wife; UNION PACIFIC, a foreign corporation; John Does 1-5; Jane Does 1-5; Black Corporations 1-5; and White Partnerships 1-5, |  |
| Defendants. |  |

For their Complaint, CINDI BAUDER as the surviving wife of JERRY MOORE, deceased, (hereinafter "Plaintiffs") state and allege as follows:

1.     Plaintiff CINDI BAUDER is, and was at all times material herein, a resident of Maricopa County, Arizona.

2.     Upon information and belief, Defendant Mark Marquez and Jane Doe Marquez, are, and were at all times material herein, wife and husband, and residents of the State of Arizona.

3.    Upon information and belief, Defendant Keith ~~Doone~~ **Boone** and Jane Doe ~~Doone~~ **Boone**, are, and were at all times material herein, wife and husband, and residents of the State of Arizona.

4.    Upon information and belief, Defendant Union Pacific is foreign corporation authorized to do business within the County of Yuma, State of Arizona, and is engaged in the business of transportation, doing business in the State of Arizona.

5.    Defendant Mark Marquez (hereinafter "Defendant Marquez") was, at all applicable times herein, an employee of Union Pacific and was acting as an agent, servant, or employee within the scope of his employment on behalf of Union Pacific, and therefore, Union Pacific, should be held liable to Plaintiff for the actions of Defendant Marquez on the theory of respondeat superior, agency, equitable estoppel, or other applicable law. Defendant Union Pacific is vicariously liable to Plaintiff for all injuries and other damages caused by Defendant Marquez.

6.    Defendant Keith ~~Doone~~ **Boone** (hereinafter "Defendant ~~Doone~~ **Boone**") was, at all applicable times herein, an employee of Union Pacific and was acting as an agent, servant, or employee within the scope of his employment on behalf of Union Pacific, and therefore, Union Pacific, should be held liable to Plaintiff for the actions of Defendant ~~Doone~~ **Boone** on the theory of respondeat superior, agency, equitable estoppel, or other applicable law. Defendant Union Pacific is vicariously liable to Plaintiff for all injuries and other damages caused by Defendant ~~Doone~~ **Boone**.

7.    Defendants John and Jane Does 1-5 as well as Black Corporations and White Partnerships 1-5 (hereinafter "fictitious defendants") are those persons and entities whose relationships to the named Defendants or whose acts or omissions give rise to legal responsibility for the damages incurred by Plaintiff, but whose true identities are at present time unknown to Plaintiff. These persons and entities hereby are notified of Plaintiff's intention to join them as

2

1    Defendants if and when additional investigation or discovery reveals the appropriateness of such

2    joinder.

3         8..     Defendants committed acts or omissions or caused events to occur in Yuma

4    County, Arizona, that caused the wrongful death of Decedent Jerry Moore.

5         9.      All acts and events alleged hereafter occurred within the County of Maricopa,

6    State of Arizona, making venue proper.

7         10.     The minimum jurisdictional amount established for filing this action has been

8    satisfied.

9                      **COUNT ONE: NEGLIGENCE/WRONGFUL DEATH**

10        11.     Plaintiffs re-allege and incorporate paragraphs 1-10 above as if fully set forth

11   herein.

12        12.     On October 31, 2020, decedent, Jerry Moore was out for a hike and his life ended

13   because the train Marquez and ~~Doone~~ Boone were operating failed to come to a stop and struck

14   Mr. Moore. The impact left Jerry Moore deceased on the scene. Defendants Mark Marquez and

15   Keith ~~Doone~~ Boone, were operating the train when they spotted Jerry Moore about a quarter

16   mile away from where he was standing. Defendants did not follow policies or procedures for

17   warning Mr. Moore or applying the emergency stop to the train. As a result of this incident, he

18   sustained fatal injuries.

19        13.     As a direct and proximate result of the negligence and carelessness of Defendants,

20   and a direct and proximate result of the death of the decedent, Plaintiffs have forever been

21   deprived of the love, care, attention, companionship, guidance, counseling, services, common

22   benefits of Decedent Jerry Moore and have, thereby, been damaged in an amount to be proven

23   at the time of trial.

24                      **COUNT TWO: RESPONDEAT SUPERIOR**

25

1    14.    Plaintiff re-alleges and incorporates paragraphs 1-13 above as if fully set forth
2    herein.

3    15.    At all times relevant hereto, Defendants were employed by, or was an agent or
4    servant of Defendant Union Pacific.

5    16.    The above-described acts of Defendants were committed within the scope of their
6    employment/or agency with Defendant Union Pacific in that they were committed while on duty
7    and in furtherance of his employment and/or agency with Defendant Union Pacific.

8    17.    Defendant Union Pacific is responsible for all of the negligent acts and/or omissions
9    committed by Defendants within the scope of their employment and or agency.

10

11    **SPECIAL AND GENERAL DAMAGES**

12    18.    Plaintiffs re-allege and incorporate paragraphs 1-17 above as if fully set forth
13    herein.

14    19.    As a further direct and proximate result of the death of decedent, Plaintiffs have
15    incurred expenses associated with decedent's death including, but not limited to, funeral and
16    burial expenses and has, thereby, suffered special damages in an amount to be proven at the time
17    of trial.

18    **WHEREFORE**, Plaintiffs, on their own behalf and on behalf of all statutory claimants,
19    pray for judgment against the Defendants, as follows:

20    a.    For general damages, in an amount sufficient to compensate Plaintiffs and all
21    claimants for the wrongful death of Jerry Moore in an amount to be proven at the time of trial
22    together with interest thereon at the highest lawful rate from the date of judgment until paid in
23    full;

24    b.    For special damages in an amount sufficient to compensate Plaintiffs and statutory
25    claimants in an amount sufficient to compensate same for past, present and future economic

1   losses together with interest thereon at the highest lawful rate from the date said expenses

2   occurred or the date of judgment, whichever is sooner;

3          c.  For special damages in an amount sufficient to compensate Plaintiffs for funeral

4   and burial expenses in an amount to be proven at the time of trial together with interest thereon

5   from the date said expenses were incurred until paid in full;

6          d.  For loss of consortium to Plaintiffs;

7          e.  For interest at the highest legal rate on all damages and costs from the time incurred

8   on the date of such judgment, whichever is sooner, until paid; and

9          f.  For such other and further relief as the Court deems just and proper.

10                       <u>STATEMENT OF TIER VALUE</u>

11          g.  Consistent with the factors and characteristics identified in the lawsuit above, this

12   matter is an automobile tort, and pursuant to Rule 26.2(b) of the Arizona Rules of Civil

13   Procedure, the damages sought in this case qualify it as a Tier 3 case.

14

15          **DATED** this <u>9th</u> day of March, 2021.

16

17                              **PHILLIPS LAW GROUP, P.C.**

18                              By: <u>*/s/Nasser Abujbarah, Esq.*</u>
                                    Timothy G. Tonkin, Esq.
19                                  Nasser Abujbarah, Esq.
                                    Kevin Valdez, Esq.
20                                  *Attorneys for Plaintiffs*

21

22

23

24

25

EXHIBIT "E"

1   Timothy G. Tonkin (#020709)
    Nasser Abujbarah (#026182)
2   Kevin Valdez (#034663)
    **PHILLIPS LAW GROUP, P.C.**
3   3101 N. Central Avenue, Suite 1500
    Phoenix, Arizona 85012
4   Telephone:   (602) 258-8900
    Facsimile:   (602) 900-0106
5   E-Mail: uberp@phillipslaw.com
    E-Mail: minute_entries@phillipslaw.com
6
    *Attorneys for Plaintiff*
7
                **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
8
                    **IN AND FOR THE COUNTY OF YUMA**
9

10  CINDI BAUDER surviving wife of JERRY          No. S1400CV202100150
    MOORE deceased;
11                                                **PLAINTIFF'S MOTION TO AMEND**
                    Plaintiffs,                   **COMPLAINT**
12
        vs.
13

14  MARK   MARQUEZ   and   JANE   DOE
    MARQUEZ, husband and wife; KEITH
15  BOONE   and   JANE   DOE   BOONE,
    husband and wife; UNION PACIFIC, a
16  foreign corporation; John Does 1-5; Jane
    Does 1-5; Black Corporations 1-5; and
17  White Partnerships 1-5,
    Defendants.
18

19          Plaintiff moves to amend the complaint pursuant to Rules 19(a)(1)(B) and 15(a)(2) of the

20  Arizona Rules of Procedure. The amendment is being sought so that Plaintiff can clarify her

21  venue allegation and to fix a clerical error regarding Plaintiff's residence.

22          While counsel for Defendants has yet to make an appearance, undersigned has been in

23  communication with counsel and has confirmed they have no objection to the relief being

24

25

                                            1

1 | sought in this motion. The proposed amended complaint is attached to this motion as

2 | **EXHIBIT 1.**

3

4 |       **DATED** this 5th day of April, 2021

5

6 |                                        **PHILLIPS LAW GROUP, P.C.**

7

8 |                                 By: */s/ Nasser Abujbarah, Esq.*
                                          Nasser Abujbarah, Esq.
                                          Kevin Valdez, Esq.
9 |                                       Timothy G. Tonkin, Esq.
                                          *Attorneys for Plaintiff*

10

11

12 | **ORIGINAL** of the foregoing electronically filed
      This 5th day of April, 2021, with:

13
      Clerk of the Yuma Superior Court
14
      **COPY** of the foregoing e-mailed
15 | This 5th day of April, 2021, to:

16 | Anthony J. Hancock
      Beaugureau, Hancock, Stoll & Schwartz, P.C.
17 | 302 E. Coronado Road
      Phoenix, AZ 85004
18

19 | By: */s/ Stephanie Mexia*

20

21

22

23

24

25

# EXHIBIT 1

Timothy G. Tonkin (#020709)
Nasser Abujbarah (#026182)
Kevin Valdez (#034663)
**PHILLIPS LAW GROUP, P.C.**
3101 N. Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone:   (602) 258-8900
Facsimile:   (602) 900-0106
E-Mail:  uberp@phillipslaw.com
E-Mail:  minute_entries@phillipslaw.com

Attorneys for Plaintiff

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF YUMA

| | |
|---|---|
| CINDI BAUDER surviving wife of JERRY MOORE deceased;<br><br>        Plaintiffs,<br><br>   vs.<br><br>MARK MARQUEZ and JANE DOE MARQUEZ, husband and wife; KEITH BOONE and JANE DOE BOONE, husband and wife; UNION PACIFIC, a foreign corporation; John Does 1-5; Jane Does 1-5; Black Corporations 1-5; and White Partnerships 1-5,<br>Defendants. | Case No.: S1400CV202100150<br><br>**SECOND AMENDED COMPLAINT**<br><br>Tort – Motor Vehicle |

For their Complaint, CINDI BAUDER as the surviving wife of JERRY MOORE, deceased, (hereinafter "Plaintiffs") state and allege as follows:

1

1.    Plaintiff CINDI BAUDER is, and was at all times material herein, a resident of ~~Maricopa County~~ **El Paso County,** ~~Arizona~~ **Colorado.**

2.    Upon information and belief, Defendant Mark Marquez and Jane Doe Marquez, are, and were at all times material herein, wife and husband, and residents of the State of Arizona.

3.    Upon information and belief, Defendant Keith Boone and Jane Doe Boone, are, and were at all times material herein, wife and husband, and residents of the State of Arizona.

4.    Upon information and belief, Defendant Union Pacific is foreign corporation authorized to do business within the County of Yuma, State of Arizona, and is engaged in the business of transportation, doing business in the State of Arizona.

5.    Defendant Mark Marquez (hereinafter "Defendant Marquez") was, at all applicable times herein, an employee of Union Pacific and was acting as an agent, servant, or employee within the scope of his employment on behalf of Union Pacific, and therefore, Union Pacific, should be held liable to Plaintiff for the actions of Defendant Marquez on the theory of respondeat superior, agency, equitable estoppel, or other applicable law. Defendant Union Pacific is vicariously liable to Plaintiff for all injuries and other damages caused by Defendant Marquez.

6.    Defendant Keith Boone (hereinafter "Defendant Boone") was, at all applicable times herein, an employee of Union Pacific and was acting as an agent, servant, or employee within the scope of his employment on behalf of Union Pacific, and therefore, Union Pacific, should be held liable to Plaintiff for the actions of Defendant Boone on the theory of respondeat superior, agency, equitable estopped, or other applicable law. Defendant Union Pacific is viciously liable to Plaintiff for all injuries and other damages caused by Defendant Boone.

///

2

7.     Defendants John and Jane Does 1-5 as well as Black Corporations and White Partnerships 1-5 (hereinafter "fictitious defendants")are those persons and entities whose relationships to the named Defendants or whose acts or omissions give rise to legal responsibility for the damages incurred by Plaintiff, but whose true identities are at present time unknown to Plaintiff. These persons and entities hereby are notified of Plaintiff's intention to join them as Defendants if and when additional investigation or discovery reveals the appropriateness of such joinder.

8.     Defendants committed acts or omissions or caused events to occur in Yuma County, Arizona, that caused the wrongful death of Decedent Jerry Moore.

9.     All acts and events alleged hereafter occurred within the County of ~~Maricopa~~ **Yuma,** State of Arizona, making venue proper.

10.     The minimum jurisdictional amount established for filing this action has been satisfied.

## COUNT ONE:  NEGLIGENCE/WRONGFUL DEATH

11.     Plaintiffs re-allege and incorporate paragraphs 1-10 above as if fully set forth herein.

12.     On October 31, 2020, decedent, Jerry Moore was out for a hike and his life ended because the train Marquez and Boone were operating failed to come to a stop and struck Mr. Moore. The impact left Jerry Moore deceased on the scene. Defendants Mark Marquez and Keith Boone, were operating the train when they spotted Jerry Moore about a quarter mile away from where he was standing. Defendants did not follow policies or procedures for warning Mr. Moore or applying the emergency stop to the train. As a result of this incident, he sustained fatal injuries.

13.     As a direct and proximate result of the negligence and carelessness of Defendants, and a direct and proximate result of the death of the decedent, Plaintiffs have forever been

deprived of the love, care, attention, companionship, guidance, counseling, services, common benefits of Decedent Jerry Moore and have, thereby, been damaged in an amount to be proven at the time of trial.

## COUNT TWO:  RESPONDEAT SUPERIOR

14.   Plaintiffs re-allege and incorporates paragraphs 1-13 above as if fully set forth herein.

15.   At all times relevant hereto, Defendants were employed by, or was an agent or servant of Defendant Union Pacific.

16.   The above-described acts of Defendants were committed within the scope of their employment/or agency with Defendant Union Pacific in that they were committed while on duty and in furtherance of his employment and/or agency with Defendant Union Pacific.

17.   Defendant Union Pacific is responsive for all of the negligent acts and/or omissions committed by Defendants within the scope of their employment and or agency.

## SPECIAL AND GENERAL DAMAGES

18.   Plaintiffs re-allege and incorporate paragraphs 1-17 above as if fully set forth herein.

19.   As a further direct and proximate result of the death of decedent, Plaintiffs have incurred expenses associated with decedent's death including, but not limited to, funeral and burial expenses and has, thereby, suffered special damages in an amount to be proven at the time of trial.

**WHEREFORE,** Plaintiffs, on their own behalf and on behalf of all statutory claimants, pray for judgment against the Defendants, as follows:

a. For general damages, in an amount sufficient to compensate Plaintiffs and all claimants for the wrongful death of Jerry Moore in an amount to be proven at the time of trial together with interest thereon at the highest lawful rate from the date of judgment until pain in

4

1  full; ~~For Plaintiffs' expenses incurred for past medical care and treatment of Plaintiffs' injuries~~
2  ~~for future medical treatment expenses;~~

3       b. For special damages in an amount sufficient to compensate Plaintiffs and statutory
4  claimants in an amount sufficient to compensate same for past, present and future economic
5  losses together with interest thereon at the highest lawful rate from the date said expenses
6  occurred or the date of judgment, whichever is sooner;

7       c. For special damages in an amount sufficient to compensate Plaintiffs for funeral and
8  burial expenses in an amount to be proven at the time of trial together with interest thereon
9  from the date said expenses were incurred until paid in full;

10       d. For loss of consortium to Plaintiffs;

11       e. For interest at the highest legal rate on all damages and costs from the time incurred
12  on the date of such judgment, whichever is sooner, until paid; and

13       f. For such other and further relief as the Court deems just and proper.

14  **STATEMENT OF TIER VALUE**

15       Consistent with the factors and characteristics identified in the lawsuit above, this
16  matter is an automobile tort, and pursuant to Rule 26.2(b) of the Arizona Rules of Civil
17  Procedure, the damages sought in this case qualify it as a Tier 3 case.

18

19       DATED this 5th day of April, 2021.

20

21                  **PHILLIPS LAW GROUP, P.C.**

22                  By  _/s/ Nasser Abujbarah_
23                      Nasser Abujbarah, Esq.
                    Kevin Valdez, Esq.
24                      Timothy G. Tonkin, Esq.
                    Attorneys for Plaintiff
25

1    **ORIGINAL** of the foregoing e-filed
     this 5th day of April, 2021, with:

2
     Clerk of the Court
3    Yuma County Superior Court

4    Copy the foregoing e- mailed
     This 5th day of April, 2021, to:
5
     Anthony J. Hancock
6    Beaugureau, Hancock, Stoll & Schwartz, P.C.
     302 E. Coronado Road
7    Phoenix, AZ 85004

8
     By: *Stephanie Mexia*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
                                    6

**EXHIBIT "F"**

1  Timothy G. Tonkin (#020709)
2  Nasser Abujbarah (#026182)
   Kevin Valdez (#034663)
   **PHILLIPS LAW GROUP, P.C.**
3  3101 N. Central Avenue, Suite 1500
   Phoenix, Arizona 85012
4  Telephone:   (602) 258-8900
   Facsimile:    (602) 900-0106
5  E-Mail: uberp@phillipslaw.com
   E-Mail: minute_entries@phillipslaw.com
6
7  Attorneys for Plaintiff

8              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9                 **IN AND FOR THE COUNTY OF YUMA**

10

11  | CINDI BAUDER surviving wife of JERRY MOORE deceased; | Case No.: S1400CV202100150 |
    |---|---|
12  | Plaintiffs, | **SECOND AMENDED COMPLAINT** |
13  | vs. | Tort – Motor Vehicle |
14  | | |
15  | MARK MARQUEZ and JANE DOE MARQUEZ, husband and wife; KEITH BOONE and JANE DOE BOONE, husband and wife; UNION PACIFIC, a foreign corporation; John Does 1-5; Jane Does 1-5; Black Corporations 1-5; and White Partnerships 1-5, Defendants. | |

19

20      For their Complaint, CINDI BAUDER as the surviving wife of JERRY MOORE,

21  deceased, (hereinafter "Plaintiffs") state and allege as follows:

22

23

24

25                                    1

1.      Plaintiff CINDI BAUDER is, and was at all times material herein, a resident of ~~Maricopa County~~ **El Paso County,** ~~Arizona~~ **Colorado.**

2.      Upon information and belief, Defendant Mark Marquez and Jane Doe Marquez, are, and were at all times material herein, wife and husband, and residents of the State of Arizona.

3.      Upon information and belief, Defendant Keith Boone and Jane Doe Boone, are, and were at all times material herein, wife and husband, and residents of the State of Arizona.

4.      Upon information and belief, Defendant Union Pacific is foreign corporation authorized to do business within the County of Yuma, State of Arizona, and is engaged in the business of transportation, doing business in the State of Arizona.

5.      Defendant Mark Marquez (hereinafter "Defendant Marquez") was, at all applicable times herein, an employee of Union Pacific and was acting as an agent, servant, or employee within the scope of his employment on behalf of Union Pacific, and therefore, Union Pacific, should be held liable to Plaintiff for the actions of Defendant Marquez on the theory of respondeat superior, agency, equitable estoppel, or other applicable law. Defendant Union Pacific is vicariously liable to Plaintiff for all injuries and other damages caused by Defendant Marquez.

6.      Defendant Keith Boone (hereinafter "Defendant Boone") was, at all applicable times herein, an employee of Union Pacific and was acting as an agent, servant, or employee within the scope of his employment on behalf of Union Pacific, and therefore, Union Pacific, should be held liable to Plaintiff for the actions of Defendant Boone on the theory of respondeat superior, agency, equitable estopped, or other applicable law. Defendant Union Pacific is viciously liable to Plaintiff for all injuries and other damages caused by Defendant Boone.

///

2

7.     Defendants John and Jane Does 1-5 as well as Black Corporations and White Partnerships 1-5 (hereinafter "fictitious defendants")are those persons and entities whose relationships to the named Defendants or whose acts or omissions give rise to legal responsibility for the damages incurred by Plaintiff, but whose true identities are at present time unknown to Plaintiff. These persons and entities hereby are notified of Plaintiff's intention to join them as Defendants if and when additional investigation or discovery reveals the appropriateness of such joinder.

8.     Defendants committed acts or omissions or caused events to occur in Yuma County, Arizona, that caused the wrongful death of Decedent Jerry Moore.

9.     All acts and events alleged hereafter occurred within the County of ~~Maricopa~~ **Yuma**, State of Arizona, making venue proper.

10.    The minimum jurisdictional amount established for filing this action has been satisfied.

## COUNT ONE:  NEGLIGENCE/WRONGFUL DEATH

11.    Plaintiffs re-allege and incorporate paragraphs 1-10 above as if fully set forth herein.

12.    On October 31, 2020, decedent, Jerry Moore was out for a hike and his life ended because the train Marquez and Boone were operating failed to come to a stop and struck Mr. Moore. The impact left Jerry Moore deceased on the scene. Defendants Mark Marquez and Keith Boone, were operating the train when they spotted Jerry Moore about a quarter mile away from where he was standing. Defendants did not follow policies or procedures for warning Mr. Moore or applying the emergency stop to the train. As a result of this incident, he sustained fatal injuries.

13.    As a direct and proximate result of the negligence and carelessness of Defendants, and a direct and proximate result of the death of the decedent, Plaintiffs have forever been

3

1  deprived of the love, care, attention, companionship, guidance, counseling, services, common

2  benefits of Decedent Jerry Moore and have, thereby, been damaged in an amount to be proven

3  at the time of trial.

4  ### COUNT TWO:  RESPONDEAT SUPERIOR

5  14.   Plaintiffs re-allege and incorporates paragraphs 1-13 above as if fully set forth

6  herein.

7  15.   At all times relevant hereto, Defendants were employed by, or was an agent or

8  servant of Defendant Union Pacific.

9  16.   The above-described acts of Defendants were committed within the scope of

10  their employment/or agency with Defendant Union Pacific in that they were committed while

11  on duty and in furtherance of his employment and/or agency with Defendant Union Pacific.

12  17.   Defendant Union Pacific is responsive for all of the negligent acts and/or

13  omissions committed by Defendants within the scope of their employment and or agency.

14  ### SPECIAL AND GENERAL DAMAGES

15  18.   Plaintiffs re-allege and incorporate paragraphs 1-17 above as if fully set forth

16  herein.

17  19.   As a further direct and proximate result of the death of decedent, Plaintiffs have

18  incurred expenses associated with decedent's death including, but not limited to, funeral and

19  burial expenses and has, thereby, suffered special damages in an amount to be proven at the time

20  of trial.

21  **WHEREFORE,** Plaintiffs, on their own behalf and on behalf of all statutory claimants,

22  pray for judgment against the Defendants, as follows:

23  a. For general damages, in an amount sufficient to compensate Plaintiffs and all

24  claimants for the wrongful death of Jerry Moore in an amount to be proven at the time of trial

25  together with interest thereon at the highest lawful rate from the date of judgment until pain in

1    full; ~~For Plaintiffs' expenses incurred for past medical care and treatment of Plaintiffs' injuries~~

2    ~~for future medical treatment expenses;~~

3         b. For special damages in an amount sufficient to compensate Plaintiffs and statutory

4    claimants in an amount sufficient to compensate same for past, present and future economic

5    losses together with interest thereon at the highest lawful rate from the date said expenses

6    occurred or the date of judgment, whichever is sooner;

7         c. For special damages in an amount sufficient to compensate Plaintiffs for funeral and

8    burial expenses in an amount to be proven at the time of trial together with interest thereon

9    from the date said expenses were incurred until paid in full;

10        d. For loss of consortium to Plaintiffs;

11        e. For interest at the highest legal rate on all damages and costs from the time incurred

12   on the date of such judgment, whichever is sooner, until paid; and

13        f. For such other and further relief as the Court deems just and proper.

14                      **STATEMENT OF TIER VALUE**

15        Consistent with the factors and characteristics identified in the lawsuit above, this

16   matter is an automobile tort, and pursuant to Rule 26.2(b) of the Arizona Rules of Civil

17   Procedure, the damages sought in this case qualify it as a Tier 3 case.

18

19        DATED this 5th day of April, 2021.

20

21                      **PHILLIPS LAW GROUP, P.C.**

22

23        By _/s/ Nasser Abujbarah_
                Nasser Abujbarah, Esq.
                Kevin Valdez, Esq.
24              Timothy G. Tonkin, Esq.
                Attorneys for Plaintiff
25

                                5

**ORIGINAL** of the foregoing e-filed
this 5th day of April, 2021, with:

Clerk of the Court
Yuma County Superior Court

Copy the foregoing e- mailed
This 5th day of April, 2021, to:

Anthony J. Hancock
Beaugureau, Hancock, Stoll & Schwartz, P.C.
302 E. Coronado Road
Phoenix, AZ 85004

By: *Stephanie Mexia*

6

**EXHIBIT "G"**

FILED
Lynn Fazz
CLERK, SUPERIOR COURT
04/14/2021  3:12PM
BY: CIBROWN
DEPUTY

1
2   BEAUGUREAU, HANCOCK,
    STOLL & SCHWARTZ, P.C.
3   302 East Coronado Road
    Phoenix, Arizona 85004
    (602) 956-4438
4

5   Anthony J. Hancock (#005889) ahancock@bhsslaw.com
    W. Reed Campbell (#025960) wrcampbell@bhsslaw.com
6   Attorneys for Defendant Union
    Pacific Railroad Company

7

8        IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9            IN AND FOR THE COUNTY OF YUMA

10

11  CINDI BAUDER, surviving wife of JERRY )   No. S1400CV202100150
    MOORE deceased;                       )
12                                         )   **NOTICE OF REMOVAL OF**
                         Plaintiffs,       )   **ACTION UNDER 28 U.S.C.**
13                                         )   **§ 1441(b) (DIVERSITY)**
    vs.                                    )
14                                         )   (Assigned to the Honorable Larry
15  MARK MARQUEZ and JANE DOE              )   Kenworthy)
    MARQUEZ, husband and wife; KEITH       )
16  BOONE and JANE DOE BOONE, husband      )
    and wife; UNION PACIFIC, a foreign     )
17  corporation, John Does 1-5; Jane Does 1-5; )
    Black Corporations 1-5; and White      )
18  Partnerships 1-5,                      )
                                           )
19                                         )
                         Defendants.       )
20  _____   )

21

22       Defendants Union Pacific Railroad Company, Mark Marquez and Sylvia Marquez,

23  and Keith Boone (hereinafter referred to as "Defendants") by and through their attorneys

24  Beaugureau, Hancock, Stoll & Schwartz, P.C., pursuant to 28 U.S.C. §§ 1441 and 1446,

25  hereby file their Notice of Removal of the above-captioned civil action from the Superior

26  Court of Yuma County, Arizona to the United States District Court for the District of

Doc 156100

Arizona on the ground of diversity jurisdiction.   The following statement is submitted pursuant to 28 U.S.C. §1446:

1.      This action was commenced as Case No. S1400CV2021-00150 in the Superior Court of the State of Arizona, in and for the County of Yuma, on March 3, 2021, captioned as above.

2.      Defendants Union Pacific, Mark Marquez and Sylvia Marquez, and Keith Boone were served a copy of Plaintiff's Amended Complaint on March 11, 2021. However, Plaintiff mistakenly stated in her Amended Complaint that she was a resident of Maricopa County, State of Arizona.   On April 5, 2021, Plaintiff filed a Motion to Amend Complaint, asking the Superior Court for a leave to file her Second Amended Complaint, in which Plaintiff correctly stated, for the first time on record, that she is a resident of Colorado.   This Notice of Removal is filed within thirty days after receipt by Defendants of a copy of Plaintiff's Motion to Amend Complaint and Proposed Second Amended Complaint, from which it first became ascertained that this case is removable.

3.      This action is a civil action of which the United States District Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to the District Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.   The facts showing that the amount in controversy exceeds $75,000 are as follows:

a.      Plaintiff's Proposed Second Amended Complaint alleges that a train struck and killed her late husband, and seeks damages in connection with his death;

b.   Plaintiff's Proposed Second Amended Complaint alleges that "pursuant to Rule 26.2(b) of Arizona Rule of Civil Procedure, the damages sought in this case qualify it as a Tier 3 case."  Rule 26.2(c)(3) of Arizona Rules of Civil Procedure provides that "actions claiming $300,000 or more in damages are permitted standard discovery as described for Tier 3."

4.      The Proposed Second Amended Complaint states that Plaintiff is a resident of El Paso County, State of Colorado, thus a citizen of the State of Colorado. At the time of the filing of this action, Defendant Union Pacific was, and still is, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of Nebraska.  At the time of the filing of this action, Defendants Mark Marquez and Sylvia Marquez, and Keith Boone, were, and still are, citizens of the State of Arizona.

5.      Written notice of the filing of this Notice of Removal is being provided to Plaintiff and a copy of this Notice of Removal is being filed with the Clerk of the United States District Court.

WHEREFORE, Defendants give notice that the action is removed to the United States District Court for the District of Arizona and the Superior Court should proceed no further unless and until the case is remanded.

DATED this 14th day of April, 2021.

BEAUGUREAU, HANCOCK,
STOLL & SCHWARTZ, P.C.


By:/s/Anthony J. Hancock
    Anthony J. Hancock
    W. Reed Campbell
    302 East Coronado Road
    Phoenix, Arizona 85004
    Attorneys for Defendants Union
    Pacific Railroad Company, Mark
    Marquez and Sylvia Marquez, and
    Keith Boone

COPY of the foregoing emailed
this 14th day of April, 2021, to:

Timothy G. Tonkin, Esq.
Nasser Abujbarah, Esq.
Kevin Valdez, Esq.
Phillips Law Group, P.C.
3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Attorneys for Plaintiff


/s/Lori Curry
Lori Curry

Doc 156100

4

**EXHIBIT "H"**

Text Size: A A A

Case Search      Minute Entry Search      Case Notification      Help

Home / Case Search

## Public Access to Court Information

### Case Search

<< return to search results          Printer Friendly Version

Case Information          new case search >>

| | | | |
|---|---|---|---|
| Case Number: | S-1400-CV-202100150 | | |
| Title: | CINDI BAUDER PLAINTIFF vs MA | Category: | Civil |
| Court: | Yuma County Superior | Filing Date: | 3/3/2021 |
| Judge: | | Disposition Date: | |



NASSER ABUJBARAH   ATTORNEY - Y 1

CINDI BAUDER   PLAINTIFF - P 1

JANE DOE DOONE   DEFENDANT - D 4

KEITH DOONE   DEFENDANT - D 3

JANE DOE MARQUEZ   DEFENDANT - D 2

MARK MARQUEZ   DEFENDANT - D 1

TIMOTHY G TONKIN   ATTORNEY - Y 3

KEVIN VALDEZ   ATTORNEY - Y 2

Case Activity

| Date | Description | Party |
|---|---|---|
| 4/5/2021 | MOTION: Motion | P 1 |
| 4/5/2021 | MISCELLANEOUS: Attachments | P 1 |
| 3/16/2021 | SERVICE: Certificate | D 2 |
| 3/16/2021 | SERVICE: Certificate | D 1 |
| 3/16/2021 | SERVICE: Certificate | P 1 |
| 3/16/2021 | SERVICE: Certificate | D 3 |
| 3/9/2021 | COMPLAINT: AMENDED COMPLAINT | P 1 |
| 3/3/2021 | SUMMONS: SUMMONS | D 4 |
| 3/3/2021 | SUMMONS: SUMMONS | D 2 |
| 3/3/2021 | SUMMONS: SUMMONS | D 1 |
| 3/3/2021 | SUMMONS: SUMMONS | D 3 |
| 3/3/2021 | COMPLAINT: Complaint | P 1 |
| 3/3/2021 | ARBITRATION: CERTIFICATE OF COMPULSORY ARBITRATION - IS NOT | P 1 |
| 3/3/2021 | SUMMONS: SUMMONS | P 1 |
| 3/3/2021 | SUMMONS: SUMMONS | P 1 |

| 3/3/2021 | SUMMONS: SUMMONS | P 1 |
| 3/3/2021 | SUMMONS: SUMMONS | P 1 |
| 3/3/2021 | INDICATOR: DISCOVERY TIER 3 | P 1 |

## Document Search

For access to criminal and civil court documents in the Superior Court visit the eAccess portal.
For more information about the eAccess portal please visit: https://www.azcourts.gov/eaccess.

**NOTES:**

**Internet Explorer 10 Users: Case details will not display properly unless you
switch to Compatibility View. How?**

**The following case types are excluded from search results:** sealed cases, cases involving un-served
Orders of Protection, mental health and probate cases, victim and witness data. Juvenile
incorrigible/delinquency case information also cannot be viewed on this website; however other types of cases
in which juveniles are parties, such as traffic cases, may be displayed. Certain administrative functions carried
out by superior court clerk's offices in each county are not included in this website, such as passport application
processing and private process server registration. **Charges stemming from local ordinance violations are
not included.**

**Please be aware of the following limitations of the case records displayed:**
• The information may not be a current, accurate, or complete record of the case.
• The information is subject to change at any time.
• The information is not the official record of the court.
• Not all cases from a participating court may be included.
• The information should not be used as a substitute for a thorough background search of official public records.

**The user is responsible for verifying information provided on this website against official court
information filed at the court of record.** Use of this website shall indicate agreement by the user that the
Arizona judiciary, including its courts, divisions, officers, and employees, shall not be liable for any loss,
consequence, or damage resulting directly or indirectly from the use of any of the information available through
this website and that the Arizona judiciary does not provide any warranty, express or implied, that the
information provided is accurate, current, correct, or complete.

Data available on this web site is updated frequently and can be provided via electronic media for an annual
subscription fee. If interested, please Contact Us.

**Case info is updated on this website weekly. Information is updated each Friday to reflect case
information through the Wednesday of the same week.**

Privacy Policy          Website Accessibility Policy          Contact Us          © 2021 Arizona Supreme Court. All Rights Reserved.